# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 23-00046-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JEREAUD EGANS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Jereaud Egans ("Egans"). See Record Document 59. The Government opposes the motion. See Record Document 65. Egans filed a reply. See Record Document 68. For the reasons set forth below, Egans's motion is **DENIED**.

## FACTUAL BACKGROUND

On September 21, 2023, Egans pleaded guilty to Count One of the Indictment, possession with intent to distribute methamphetamine, and Count Three, possession of a firearm in furtherance of a drug trafficking crime. See Record Document 30. On January 10, 2024, this Court sentenced Egans to 135 months of imprisonment as to Count One and 60 months as to Count Three, to run consecutively, for a total term of 195 months of imprisonment. See Record Document 41. Egans appealed. Appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. On August 21, 2024, the United States Court of Appeals for the Fifth Circuit granted counsel's motion to withdraw and dismissed the appeal as frivolous. See Record Document 65-2.

On October 27, 2025, Egans filed the instant motion pursuant to 28 U.S.C. § 2255. See Record Document 59. He asserts that: (1) his counsel was ineffective for allegedly

promising him a ten-year sentence; and (2) counsel was ineffective for failing to file a motion to suppress based on an allegedly expired tracking device warrant. See id.

## LAW AND ANALYSIS

### I. Applicable Standards

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." United States v. Scruggs, 691 F.3d 660, 666 (citation omitted). Issues raised and settled on direct appeal are also not cognizable in a Section 2255 motion. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); see also United States v. Fields, 761 Fed. Appx. 443, 466 (5th Cir. 2014).

### II. Analysis

a. Alleged Promise of a Ten-Year Sentence

Egans first contends that his attorney promised him that he would receive a sentence of ten years. See Record Document 59-1 at 7–14. The record conclusively refutes this claim.

2

Sworn statements made during a plea hearing "carry a strong presumption of verity …." Blackledge v. Allison, 431 U.S. 63, 74 (1977). A defendant may not ordinarily refute those sworn declarations with later unsupported allegations. See id. During the plea colloquy, under oath, Egans affirmed that no one had made any promises to him outside the written plea agreement. See Record Document 49 at 21. He further acknowledged that he understood the statutory penalties and that the sentencing judge alone would determine his sentence. See id. at 24, 28–29. Egans offers no competent evidence to overcome the presumption of verity attached to his sworn statements. His present assertion is insufficient to establish deficient performance by his former attorney.

Even assuming arguendo that counsel offered an optimistic prediction regarding sentencing exposure, "reliance on the erroneous advice of counsel relative to the sentence likely to be imposed does not render a guilty plea unknowing or involuntary." United States v. Santa Lucia, 991 F.2d 179, 180 (5th Cir. 1993). "As long as the defendant understood the length of time he might possibly receive, he was fully aware of his plea's consequences." United States v. Jones, 905 F.2d 867, 868 (5th Cir. 1990) (internal citations omitted). Here, the record reflects that at the plea hearing, the Court told Egans that he faced a mandatory minimum of ten years and a maximum of life as to Count 1, plus five years to run consecutively as to Count 3. See Record Document 49 at 24. Egans responded that he understood his potential sentence. See id. Accordingly, his Motion to Vacate based on counsel's alleged promise of a lesser sentence is **DENIED**.

b. Failure to File a Motion to Suppress

Egans next contends that his counsel was ineffective for failing to file a motion to suppress based on an allegedly expired tracking device warrant. See Record Document

59. Claims of ineffective assistance of counsel are governed by the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The Court must first determine "whether counsel's representation fell below an objective standard of reasonableness. Then [the Court] ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (internal citations and quotations omitted). The second prong focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 58 (1985). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

Egans has not demonstrated that counsel's failure to file a motion to suppress fell below an objective standard of reasonableness. The decision whether to file a suppression motion is a matter of professional judgment and trial strategy. See Strickland, 466 U.S. at 689. Additionally, counsel is not required to file meritless motions. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). The record reflects that law enforcement conducted a traffic stop after observing traffic violations. During the stop, Egans consented to a search of the vehicle, during which methamphetamine and a firearm were recovered. See Record Document 30-2. There is no indication that any evidence was derived from an expired tracking warrant.

Even assuming that a tracking device warrant had expired, Egans has failed to show that any evidence admitted in this case was the product of unlawful tracking. Because the evidence was obtained following a traffic stop based on observed violations

and a consent search, counsel cannot be deemed deficient for failing to file a suppression motion that lacked factual support. Accordingly, Egans has failed to establish deficient performance under Strickland.

Egans likewise fails to demonstrate prejudice. Absent a showing that the challenged evidence was derived from unauthorized tracking, there is no reasonable probability that the outcome of the proceedings would have been different. Additionally, because Egans pleaded guilty, he must show that it would have been rational for him to reject the plea agreement and proceed to trial. See Padilla, 559 U.S. at 372. The factual basis reflects a controlled purchase of a substantial amount of methamphetamine, the recovery of methamphetamine and a firearm during the traffic stop, and the execution of a search warrant at his residence resulting in additional narcotics and firearms. See Record Document 30-2. In light of the strength of the Government's evidence, Egans has not demonstrated a reasonable probability that he would have insisted on going to trial. Because Egans has failed to establish either prong of the Strickland test, this claim is **DENIED**.

## CONCLUSION

Based on the reasons explained above, Egans's Motion (Record Document 59) is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts.

Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2255(c)(2).

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of February, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT